a competent witness to establish the gift. In Allen's Estate, 207 Pa. 325, cited as an authority in support of her competency, it was conceded that the father had made a gift or advancement to his son, and his estate having no right or interest in what had been so given or advanced, the son was not a person whose interest was adverse to the right of his deceased father. The interest of this appellant is adverse to a right asserted by the personal representative of a deceased person. After reviewing the competent testimony offered by appellant, the learned chancellor below correctly concluded: The competent testimony offered by the appellant did "not clearly and affirmatively show the transaction of the alleged gift to have been the free and intelligent act of the decedent, fully explained to him and performed by him with a thorough understanding of its consequences." We have not been convinced that this was an erroneous conclusion, and the decree is, therefore, affirmed at appellant's costs.

---

## Benedict *v.* Bonebrake, Appellant.

*Wills—Real property—Devises—Construction—Intention.*

Where a testatrix by will executed in 1893, provided "All the rest and residue of my estate, real, personal or mixed, I give and bequeath unto William Benedict, my adopted son, absolutely. In the event that William Benedict, my adopted son, should die without issue or legal heirs, or in the event that I should survive him, then I direct that one-half of my estate shall go to the Falling Spring Congregation of the German Baptist Church, and the other one-half to the heirs of Jacob Benedict in equal shares," the adopted son having survived testatrix, took a fee simple title to her real estate.

Submitted March 7, 1916. Appeal, No. 431, Jan. T., 1915, by defendant, from judgment of C. P. Franklin Co., Sept. T., 1915, No. 236, for plaintiff, on case stated, in case of William A. Benedict v. George D. Bonebrake.

Before Brown, C. J., Stewart, Moschzisker, Frazer and Walling, JJ.  Affirmed.

Case stated to determine the nature and extent of plaintiff's interest in certain real estate. Before Gillan, P. J.

The case stated was as follows:

The following facts are hereby agreed upon, to wit:

First.  William A. Benedict, plaintiff, entered into an agreement in writing with George D. Bonebrake, defendant, dated July 14, 1915, for the sale of a certain tract of land situate in Quincy Township, Franklin County, Pennsylvania, containing about ten acres, adjoining lands of Abram C. Hess, J. Albert Snider's heirs and others, at and for the sum of twenty-five hundred dollars; deed to be made August 2, 1915; the title to be marketable and clear of all encumbrances.

Second.  That the said William A. Benedict in pursuance of said agreement tendered to the said George D. Bonebrake, defendant, his deed in fee simple for the above described premises and demanded payment for the same.  That the said defendant refused to accept said deed and to pay the purchase-money in accordance with the terms of his agreement, alleging that the title tendered him to said property is but a life estate and not a marketable title in fee simple.

Third.  That the plaintiff derived title to said real estate under the will of Fannie Wilt, late of Quincy Township, Franklin County, Pennsylvania, deceased, duly probated February 15, 1898, before the register of wills of Franklin County, Pennsylvania, recorded in Will Book, Vol. O, page 225, a copy of which will is as follows:

"I, Fanny Wilt, of Quincy Township, Franklin County, State of Pennsylvania, being of sound mind, memory and understanding, knowing the certainty of death and the uncertainty of life, do make and publish this my last

Will and Testament, hereby revoking and making void any and all wills by me at any time heretofore made.

"I direct that my body, after my decease, be decently interred in the Home Burial ground in accordance with the rites and ceremonies of the German Baptist Church.

"I direct my executor hereinafter named to pay out of my estate all my just debts and funeral and other expenses as soon after my decease as the same can be conveniently done.

"First. I give and bequeath to the Falling Spring Congregation of the German Baptist Church the sum of fifty dollars ($50).

"Second. All the rest and residue of my estate, real, personal or mixed, I give and bequeath unto William Benedict, my adopted son, absolutely.

"In the event that William Benedict, my adopted son, should die without issue or legal heirs, or in the event that I should survive him, then I direct that one-half of my estate shall go to the Falling Spring Congregation of the German Baptist Church and the other one-half to the heirs of Jacob Benedict in equal shares.

"I hereby constitute and appoint my nephew, Daniel W. Benedict, my sole executor of this my last will and testament, with full power to carry the same into execution.

"In testimony whereof, I, Fanny Wilt, the testatrix, have hereunto set my hand and seal this 5th day of August A. D. 1893.

her

"FANNY x WILT (Seal)."

mark

Fourth. If the court shall be of opinion that the said plaintiff, William A. Benedict, can convey to the said defendant, George D. Bonebrake, a marketable title in fee simple to the lands above described then judgment to be entered for the plaintiff in the sum of twenty-five hundred dollars; otherwise judgment to be entered for the defendant; the costs to follow the judgment; each

party reserving the right to appeal therefrom to the Supreme Court.

The court entered judgment for plaintiff on the case stated. Defendant appealed.

*Error assigned* was the judgment of the court.

*Walter and Gillan,* submitted for appellant.

*Ruthrauff & Nicklas,* submitted for appellee.

PER CURIAM, April 17, 1916:

The judgment of the court below is so manifestly correct that counsel for appellant, when his appeal was called in this court, stated he would not attempt to argue that it was wrong.

Judgment affirmed.

---

# The Mutual Loan and Savings Association of Chambersburg *v.* National Surety Company, Appellant.

*Practice, Supreme Court—Appeals—Record—Motion to quash—Vacation of judgment.*

On appeal from a judgment entered on a verdict of a jury, where a motion to quash has been made on the ground that the charge and answers to points were not certified by the official stenographer who took the notes of the same upon trial, as required by Section 4 of the Act of May 1, 1907, P. L. 135, and it appears that the requirements of the Act of Assembly were not complied with because the official stenographer died shortly after the trial without having transcribed his notes, the motion to quash will be overruled and the judgment will be vacated and a venire facias de novo awarded.

Argued March 7, 1916. Appeal, No. 358, Jan. T., 1915, by defendant, from judgment of C. P. Franklin Co., Sept. T., 1913, No. 110, on verdict for plaintiff, in case of The